

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Carl Perriman
County Attorney
Hall County
Memphis, Texas

0-1553

Dear Sir:

Opinion No. 0-1553
Re: Where accused has been found sane at time of commission of offense and insane at trial, he is entitled to be accepted and treated in one of the state hospitals.

Your letters of September 25 and October 4, received. You state that Oscar Wright is charged by indictment with murder in the district court of Hall County, Texas. That he was tried in said court under article 932a, C. C. P., and found sane at time the offense was committed but insane at the time of the trial.

Article 6203g, Vernon's Texas Civil Statutes, applies only to persons who have been convicted of a felony and who have been duly adjudged insane by any competent court at law and of all persons who have been acquitted upon grounds of insanity.

Article 932a, Vernon's Code of Criminal Procedure, applies to persons who have been indicted for a crime and found sane at the time of alleged commission of the crime but insane at the time of the trial and provides that the proceeding shall be forthwith certified to the county judge "who shall at once take the necessary steps to have the defendant committed to and confined in a state hospital for the insane until he becomes sane."

Article 5551a, Vernon's Texas Civil Statutes, provides for lunacy proceedings against persons, "not charged with a criminal offense".

Chapter 2, Title 51, Revised Statutes, as amended, contain numerous provisions with reference to state hospitals. While there are provisions to the effect that "a person alleged to be insane, and who is not held on a criminal charge,

Hon. Carl Ferriman, Page 2

may be committed to and confined in an institution for the custody and treatment of the insane", there does not appear to be any specific prohibition against an insane person who is charged with the commission of a crime being treated in one of the state hospitals.

It is therefore the opinion of this department that under the state of facts submitted in your letters the defendant, Mr. Wright, is entitled to be accepted and treated in one of the state hospitals for the insane. We are impelled to this view because from a reading of all the statutes we cannot arrive at the conclusion that it is the Legislative intent that all persons charged with the commission of a crime who have been adjudged as being of sound mind at the date of the alleged commission but who have subsequently become insane must remain in the custody of the sheriff until they return to sanity. Certainly it was not the intention of the Legislature to so provide. Evidently the purpose of these provisions in the statutes is to avoid complaints in lunacy being filed against persons charged with crime for the purpose of delaying trial and making the state's case more difficult. The purpose certainly could not have been that those insane persons, if they continue insane must remain in the custody of the sheriff until death.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

A. S. Rollins
Assistant

ASR:jm

APPROVED OCT 23, 1939

ATTORNEY GENERAL OF TEXAS

